# UNITED STATES DISTRICT COURT

for the

EASTERN District of TEXAS

United States of America

v.

CLARENCE ROLAND (2)

*Defendant*

Case No. 4:17CR177 - ALM

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

☒ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or

☒ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:

☐ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):

☐ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

☐ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**

☐ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**

☐ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**

☐ **(e)** any felony that is not otherwise a crime of violence but involves:

**(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; **and**

☐ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; **and**

☐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; **and**

☐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

☐ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

☐ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

☐ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

☐ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

☐ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

☐ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

☐ **C. Conclusions Regarding Applicability of Any Presumption Established Above**

☐ The defendant has not introduced sufficient evidence to rebut the presumption above.

**OR**

☐ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

## Part III - Analysis and Statement of the Reasons for Detention

After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

☒ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

☒ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

In addition to any findings made on the record at the hearing, the reasons for detention include the following:

☒ Weight of evidence against the defendant is strong
☐ Subject to lengthy period of incarceration if convicted
☒ Prior criminal history
☐ Participation in criminal activity while on probation, parole, or supervision
☐ History of violence or use of weapons
☐ History of alcohol or substance abuse
☒ Lack of stable employment
☒ Lack of stable residence
☐ Lack of financially responsible sureties
☒ Lack of significant community or family ties to this district
☐ Significant family or other ties outside the United States

☐ Lack of legal status in the United States
☐ Subject to removal or deportation after serving any period of incarceration
☐ Prior failure to appear in court as ordered
☐ Prior attempt(s) to evade law enforcement
☐ Use of alias(es) or false documents
☐ Background information unknown or unverified
☐ Prior violations of probation, parole, or supervised release

OTHER REASONS OR FURTHER EXPLANATION:

See Attachment "A"

### Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant must be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

**SIGNED this 16th day of November, 2017.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE

# ATTACHMENT "A"

Defendant is charged in a seven (7) count Indictment; Defendant is charged in Count One (1) with a violation of Title 18 U.S.C. §1349 – Conspiracy to Commit Wire Fraud which carries a maximum term of imprisonment of not more than thirty (30) years, a fine not to exceed $1 million and a term of supervised release of not more than five (5) years; and in Count Seven (7) with a violation of Title 18 U.S.C. §1028A – Aggravated Identity Theft which carries a penalty of a fine of not more than $250,000 or twice the gross pecuniary gain or loss, and imprisonment for two (2) years to run consecutively to any other sentence with a term of supervised release of one (1) year. The Government has sought to detain under Title 18 U.S.C. §3142(f)(1) and Title 18 U.S.C. §3142(f)(2). Both parties concurred the presumption is not applicable to this case. The Court has considered the testimony and evidence presented at the detention hearing (including the testimony of Special Agent Stephen Hanley with the Federal Bureau of Investigation and Defendant's first cousin Donny Nabors), the parties proffers and the pretrial services report in light of all the factors listed in 18 U.S.C. §3142(g) - including the nature and circumstances of the offense charged, the apparent weight of the evidence against Defendant, Defendant's history and characteristics, and the severity and danger to the community.

According to the testimony presented by FBI Special Agent, Stephen Hanley, the investigation into this conspiracy revealed that Defendant Clarence Roland and his co-defendant, Arlando Jacobs ("Jacobs") were involved in a scheme of creating fraudulent documents that appeared to convey the ownership of real properties from financial institutions, to entities that were controlled by the conspirators. Alternatively, Defendant Roland would make fraudulent representations to owners of real properties in order to cause the individuals to sign deeds that conveyed title to entities controlled by the Defendant, Clarence Roland and Jacobs. More specifically, Defendant Roland created false mortgage lien documents that would give the appearance that homes had been legitimately transferred to another owner. Once the ownership, or the appearance of that ownership was transferred, Defendant Roland and Jacobs would file fraudulent deeds of trust and would then sell the property. Upon sale of the properties, the title companies closing the sales would send the purchaser's money to entities shown as the lien holders; those entities were controlled by Defendant Clarence Roland and Jacobs. Agent Hanley testified that the properties involved in the scheme are located across the United States including in California, Washington, Hawaii, Florida, in multiple locations in Texas including Houston, Spring and Cypress, and other locations resulting in an approximate loss of $4 million, with additional properties still being identified. Defendant is alleged to have previously been convicted of similar conduct on or around the year 2000. Agent Hanley testified that due to the multi-state span of this conspiracy, the millions of dollars of loss, severity of the crime, and Defendant's lack of stable employment or permanent address, that he believed Defendant Roland to be a considerable flight risk. Further, according to the Pretrial Services report and the testimony of Special Agent Hanley, Defendant Roland's appearance at the instant proceeding was on a Writ of Habeas Corpus Ad Prosequendum from the George Bailey Detention Facility in San Diego, California. According to the San Diego County District Attorney's Office, Roland has a $1,000,000 bail set on the 33 counts he is facing, 5 counts of Grand Theft of Personal Property and 25 counts of Filing a False Statement. These counts were filed with an Aggravated White Collar Crime Enhancement in San Diego Superior Court Case No. SCD255517.

Donnie Nabors, the first cousin of Defendant Clarence Roland was presented to the Court as a proposed third party custodian. Testimony revealed that Mr. Nabors lives in Oklahoma and was unaware of his cousin's activity in this scheme of fraudulent mortgage conveyances and identity theft in the present case. Mr. Nabors' testimony revealed that he would offer his residence to his cousin after any bonds in San Diego, California were cleared but that he could not post the $1,000,000 bail.

Having considered all of the foregoing, the Court concludes that there is no condition or combination of conditions on which Defendant Clarence Roland could be released which would reasonably assure that Defendant Clarence Roland would not pose a danger to the community and/or that would reasonably assure his appearance at trial. Defendant is therefore ordered detained pending trial.